**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00686-REB-CBS

HOLCIM (US) INC., a Delaware corporation,

    Plaintiff,

v.

LIMEROCK MATERIALS, LLC, a Nevada limited liability company d/b/a CWW West; and MICHAEL P. VAHL, an individual,

    Defendants.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

This matter is before the court on the **Plaintiff's Motion for the Clerk's Entry of Default Judgment Pursuant to FED. R. CIV. P. 55(b)(1)** [#17][1] filed May 31, 2011. The motion is granted.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

### II. STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the Clerk of the Court must enter the party's default. FED. R. CIV. P. 55(a). After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment, and, if the party seeking relief provides

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

a proper basis for the entry of default judgment, the court may enter default judgment against the defaulting party. FED. R. CIV. P. 55(b).

### III.  ANALYSIS

The clerk entered default [#11] against the defendants, Limerock Materials, LLC, a Nevada limited liability company d/b/a CWW West, and Michael P. Vahl. Neither defendant is a minor, an incompetent person, or in the military service. The plaintiff has demonstrated by affidavit that it is entitled to judgment for a sum certain. Thus, the plaintiff is entitled to default judgment against the defendants under Fed. R. Civ. P. 55(b)(1).

The plaintiff has established that it is entitled to judgment in the principal sum of 142,098.65 dollars. Further, the plaintiff has established that it is entitled to prejudgment interest. Through May 31, 2011, accrued prejudgment interest totals 14,786.19 dollars. Per diem interest has accrued thereafter at the rate of 70.08 dollars per day. From May 31, 2011, through July 27, 2011, an additional 3,924.48 dollars of prejudgment interest has accrued. The total accrued prejudgment interest is 18,710.67 dollars. The plaintiff has established that post-judgment interest accrues at the contract rate of 1.5 percent per month from the date of the entry of judgment until the judgment is satisfied fully.

The plaintiff has established also that it is entitled to recover from the defendants all costs, attorney fees, and expenses incurred by the plaintiff in collecting the amounts owed to the plaintiff by the defendants. The plaintiff has shown that it incurred reasonable attorney fees in the amount of 6,153.00 dollars, and reasonable costs in the amount of 605.47 dollars.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for the Clerk's Entry of Default Judgment Pursuant to FED. R. CIV. P. 55(b)(1)** [#17] filed May 31, 2011, is **GRANTED** on the terms

stated in this order;

2.  That pursuant to Fed. R. Civ. P. 55(b)(1), **DEFAULT JUDGMENT SHALL ENTER** in favor of the plaintiff, Holcim (US) Inc., a Delaware corporation, against the defendants, Limerock Materials, LLC, a Nevada limited liability company d/b/a CWW West, and Michael P. Vahl, jointly and severally, on each of the plaintiff's claims against the defendants;

3.  That the plaintiff is **AWARDED** damages, interest, attorney fees, and costs in the following amounts:

    A.  the principal sum of 142,098.65 dollars;

    B.  prejudgment interest through July 27, 2011, in the amount of 18,710.67 dollars;

    C.  reasonable attorney fees in the amount of 6,153.00 dollars; and

    D.  reasonable costs in the amount of 605.47 dollars.

4.  That post judgement interest **SHALL ACCRUE** at the contract rate of 1.5 percent per month from the date of the entry of judgment until the judgment is satisfied;

5.  That **JUDGMENT SHALL ENTER** as required by FED. R. CIV. P. 58(a); and

6.  That this case is **CLOSED**.

Dated July 28, 2011, at Denver, Colorado.

                                                **BY THE COURT:**

                                                */s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge